**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-928-NAB |
| | ) | |
| STEVEN OGUNJOBI, *et al.* | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER OF DEFENDANT STEPHEN OGUNJOBI**

COMES NOW Officer Stephen Ogunjobi ("Ogunjobi"), by and through undersigned counsel, and for his Answer to Plaintiff Sharon Morrow's Complaint (doc. 1) denies everything not specifically admitted and in particular, states to the Court the following:

**PARTIES**

1. Defendant admits only that Plaintiff's Complaint purports to assert violations of her constitutional rights pursuant to 42 U.S.C. § 1983 but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in paragraph 1 or in the Complaint.

2. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 2.

3. Defendant admits that on the date of Plaintiff's arrest he and Jacob Stein were police officers employed by the City of St. Louis Police Division. The remaining allegations in a paragraph 3 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the remaining allegations.

1

**JURISDICTION AND VENUE**

4. Defendant admits only that Plaintiff's Complaint purports to assert violations of her constitutional rights pursuant to 42 U.S.C. § 1983 but otherwise denies any genuine, valid or legitimate claim for damages as stated or alleged in paragraph 4 or in the Complaint. Further answering, the allegations of paragraph 4 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the remaining allegations.

5. The allegations of paragraph 5 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations.

6. The allegations of paragraph 6 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations.

7. The allegations of paragraph 7 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations.

**FACTS**

8. Defendant is without sufficient information with which to admit or deny the allegations in paragraph 8.

9. Defendant admits only that at the time of her arrest Plaintiff's vehicle was parked on Market Street between Tucker Boulevard and Fourteenth Street.

10. Defendant admits that on April 14, 2019 he and Officer Bridget Fournie arrested an individual near the intersection of Market and Tucker. Defendant is without sufficient information with which to admit or deny the remaining allegations in paragraph 10.

11. Defendant admits that Plaintiff approached him while she was recording as he was attempting to conduct an investigation. Defendant denies the remaining allegations in paragraph 11.

12. Defendant admits that the arrestee was yelling but denies the remaining allegations in paragraph 12.

13. Defendant admits that Ogunjobi noticed Plaintiff when she approached him as he was conducting an investigation. Defendant denies the remaining allegations in paragraph 13.

14. Defendant admits that he approached Marcus Hunt ("Hunt") and instructed him to move back. Defendant denies the remaining allegations in paragraph 14.

15. Defendant denies the remaining allegations in paragraph 15.

16. Defendant admits that he was writing on a pad and that he and Officer Fournie led the arrestee, who was cuffed and previously seated, to a police car. Defendant denies the remaining allegations in paragraph 16.

17. Defendant admits that the arrestee was put into the backseat without resistance from the arrestee and that Ogunjobi closed the door. Defendant otherwise denies the allegations in paragraph 17.

18. Defendant denies the allegations in paragraph 18.

19. Defendant admits that he approached Hunt and requested his name. Defendant denies the remaining allegations in paragraph 19.

20. Defendant admits the allegations in paragraph 20.

21. Defendant admits that he asked Officer Fournie for a second set of cuffs. Defendant denies the remaining allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant admits that he instructed Hunt to put his hands behind his back. Defendant denies the remaining allegations in paragraph 23.

24. Defenant admits the allegations in paragraph 24.

25. Defendant admits that Plaintiff made statements while he was arresting Hunt. Defendant denies the remaining allegations in paragraph 25.

26. Defendant admits the allegations in paragraph 26.

27. In response to paragraph 27, Defendant states that Hunt was actively resisting arrest. Defendant otherwise denies the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant admits that officers instructed Hunt to stop resisting. Defendant otherwise denies the allegations in paragraph 29.

30. Defendant admits only that Plaintiff continued to record Hunt's arrest. Defendant otherwise denies the allegations in paragraph 30.

31. Defendant admits that Officer Jacob Stein administered a drive-stun to Hunt three times while Hunt continued to resist arrest. Defendant denies the remaining allegations in paragraph 31.

32. Defendant admits only that Hunt was handcuffed and eventually moved to a seated position on the sidewalk. Defendant otherwise denies the allegations in paragraph 32.

33. Defendant admits only that he instructed Plaintiff and others to move back or they would also be arrested. Defendant otherwise denies the allegation in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant admits the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant admits that he approached Plaintiff's vehicle and walked to her driver's side window. Defendant denies the remaining allegations in paragraph 40.

41. Defendant admits the allegations in paragraph 41.

42. Defendant admits only that Plaintiff made the statement, "I can't see, sir." Defendant otherwise denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant admits that Defendant ordered Plaintiff out of her vehicle. Defendant denies the remaining allegations in paragraph 44.

45. Defendant admits only that Plaintiff initially refused to step out of her vehicle. Defendant denies the remaining allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46.

47. Defendant admits that Plaintiff locked her driver's side door after Ogunjobi attempted to open it and then eventually unlocked her vehicle door. Defendant otherwise denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant is without sufficient information with which to admit or to deny whether Ms. Morrow is a breast cancer survivor and has had several surgeries. Defendant otherwise denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant admits only that she was transported to the Justice Center. Defendant is without sufficient knowledge to admit or deny the length of her detention. Defendant denies the remaining allegations in paragraph 54.

55. Defendant is without sufficient knowledge with which to admit or deny the allegations in paragraph 55.

56. Defendant admits that Plaintiff was charged with interfering with a police officer and resisting arrest.

57. Defendant admits that the City prosecutor refused the charges. Defendant is without sufficient knowledge to admit or deny the remaining allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

## COUNT I: FIRST AMENDMENT

59. Defendant incorporates by this reference all of his answers to paragraphs 1-58 as though fully set forth herein.

60. The allegations in paragraph 60 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 60.

61. The allegations in paragraph 61 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

6

64. Defendant denies the allegations in paragraph 64.

65. The allegations in paragraph 65 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

## COUNT II: FOURTH AMENDMENT

67. Defendant incorporates by this reference all of his answers to paragraphs 1-66 as though fully set forth herein.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

73. The allegations in paragraph 73 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 73.

74. The allegations in paragraph 74 constitute legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 74.

## COUNT III: FAILURE TO INTERVENE

75. Defendant incorporates by this reference all of his answers to paragraphs 1-74 as though fully set forth herein.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

## JURY DEMAND

Defendant demands a jury trial on all issues triable to a jury.

### AFFIRMATIVE DEFENSES

Further answering, Defendant affirmatively states as follows:

1.  Plaintiff has failed to state a claim upon which relief can be granted.

2.  Defendant is shielded from suit by the doctrine of qualified immunity because his conduct comported with established law and did not violate any clearly established constitutional right of which a reasonable person would have known.

3.  Defendant is shielded from Plaintiff's state law claims, if any, by official immunity and the public duty doctrine.

4.  Plaintiff is estopped from bringing this suit by her own actions or inactions, including but not limited to, Plaintiff's failure to bring claims at her first opportunity.

5.  If a defendant or another party or entity makes a settlement with Plaintiff, or if Plaintiff receives anything of value from any party, individual or entity, the amount of such payment or consideration should be treated as a payment in full satisfaction of the damages of Plaintiff, or in the alternative, that the amount of such payment or consideration should be a set off against any judgment that may be entered herein.

6. Plaintiff's claims are barred by all applicable statutes of limitations or repose.

7. Plaintiff failed to mitigate her damages.

8. Plaintiff's state law assault and battery claims, if any, are barred because Plaintiff consented through her conduct to the actions of Defendants.

9. If any portion of Plaintiff's alleged damages are divisible, Defendant asserts that such alleged damages may be subject to the doctrines of apportionment and/or alternate proximate cause.

10. Plaintiff voluntarily assumed or exposed himself to a risk which he knew or, in the exercise of ordinary care, should have known existed.

11. Plaintiff has no compensable damages.

12. The rights alleged by Plaintiff to have been violated by Defendant were not clearly established at the time.

13. Defendants had probable cause to arrest Plaintiff.

14. In light of the totality of the facts and circumstances confronting Ogunjobi on the scene, the Defendant's use of force in this case was justified pursuant to RSMo. § 563.046 in that, *inter alia*:

   a. Ogunjobi's use of force to arrest Plaintiff was lawful, and Ogunjobi reasonably believed the arrest was lawful in that Plaintiff interfered with the arrest of Marcus Hunt;

   b. Ogunjobi used force he reasonably believed was immediately necessary to effect Plaintiff's arrest in that Plaintiff disobeyed Ogunjobi's orders to move back and interfered with the arrest of Marcus Hunt;

9

    c. The amount of physical force Ogunjobi used to arrest Plaintiff was objectively reasonable in light of the totality of the particular facts and circumstances confronting him on the scene;

    d. Ogunjobi reasonably believed the use of force was immediately necessary to effect Plaintiff's arrest; and

    e. Ogunjobi reasonably believed Plaintiff had interfered with his arrest of Marcus Hunt in violation of City Ordinance and there was probable cause for her arrest.

15. Ogunjobi's use force in this case pursuant to and as described in RSMo. § 563.046 is an absolute defense to civil liability as provided in RSMo. § 563.074.1.

16. Ogunjobi requests that this Court award attorney's fees, court costs, and all reasonable expenses incurred in defense of this civil action in his favor and against Plaintiff and her counsel pursuant to RSMo. § 563.074.

Defendant incorporates each and every additional affirmative defense that may be uncovered or made known during the investigation and discovery of this case. Defendant specifically reserves the right to amend this Answer to include additional affirmative defenses at a later time.

Respectfully submitted,

JULIAN BUSH,
City Counselor

By: /s/ Erin K. McGowan
   Erin K. McGowan #64020MO
   Associate City Counselor
   1200 Market Street, Room 314
   City Hall
   St. Louis, Mo 63103
   (314) 622-3361
   (314) 622-4956 fax
   McGowanE@stlouis-mo.gov
   *Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify this **Answer** was electronically filed on **September 17, 2020** with the Court for service by means of Notice of Electronic Filing upon all attorneys of record.

/s/ Erin K. McGowan